UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 13-298-DCR |
| ) | |
| V. ) | |
| ) | |
| CESAR PEREZ RODRIGUEZ, ) | **MEMORANDUM OPINION** |
| individually and d/b/a EL CANCUN, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

*** *** *** ***

Proceeding without counsel, Defendant Cesar Perez Rodriguez, individually and d/b/a El Cancun, has filed a motion to dismiss the plaintiff's claims that Perez violated federal and state law by allegedly broadcasting a live program in a commercial establishment without obtaining the requisite licensing rights. [Record No. 49] Having reviewed the motion, the Court finds that a response is not necessary. Construing the motion as either a motion to dismiss under Fed. R. Civ. P. 12 or, because discovery has concluded, a motion for summary judgment under Fed. R. Civ. P. 56, the motion will be denied.

First, the defendant's motion is untimely. The Scheduling Order required the parties to file dispositive motions on or before March 6, 2015. [Record No. 30, ¶ 8] However, the defendnat's motion was not filed until April 16, 2015. The Court denied an earlier joint motion to extend the dispositive motion deadline. [Record No. 45]

Second, the defendant's motion fails to address any of the material allegations relevant to the plaintiff's claims. Perez does not rely on any legal authority or point to any evidence in his motion. Instead, he summarily states that he has "provided enough evidence" against the plaintiff's allegations. Such allegations are woefully inadequate. The defendant has failed to show that the Complaint does not allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Likewise, to prevail on a summary judgment motion, "a party asserting that a fact cannot be . . . genuinely disputed must support the proposition by: (A) citing to particular parts of the materials in the record, including depositions, documents . . . ." Fed. R. Civ. P. 56(c)(1). Summary judgment is only proper where there are no genuine disputes of any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). All facts and inferences must be drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

In summary, Perez's motion is untimely and fails to show that the Complaint fails to state a claim under Fed. R. Civ. P. 12, or that he is entitled to judgment as a matter of law on the plaintiff's claims under Fed. R. Civ. P. 56. Accordingly, it is hereby

**ORDERED** that Defendant Cesar Perez Rodriguez's motion [Record No. 49] to dismiss, which has been construed as a motion to dismiss, or in the alternative for summary judgment, is **DENIED**.

This 17th day of April, 2015.



Signed By:
_Danny C. Reeves_ DCR
United States District Judge